# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **TERESA S. KESTNER,** ) | |
| ) | |
| Plaintiff, ) | Case No. 1:10CV00019 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **MICHAEL J. ASTRUE,** ) | By: James P. Jones |
| **COMMISSIONER OF** ) | United States District Judge |
| **SOCIAL SECURITY,** ) | |
| ) | |
| Defendant. ) | |

*Ginger J. Largen, Morefield & Largen, P.L.C., Abingdon, Virginia, for Plaintiff; Quinn Nisblack Doggett, Assistant Regional Counsel, and Charles J. Kawas, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

In this Social Security disability case, I remand for further proceedings consistent with this Opinion.

I

The plaintiff, Teresa S. Kestner, filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") denying his claim for disability insurance benefits pursuant to Title II of the Social Security Act (the "Act"), 42 U.S.C.A. §§ 401-433 (West 2003 & Supp. 2010). Jurisdiction of this court exists pursuant to 42 U.S.C.A. §§ 405(g).

Kestner filed for benefits on March 23, 2007, alleging that she first became disabled on January 11, 2007. Her claim was denied initially and upon reconsideration. Kestner received a hearing before an administrative law judge ("ALJ"), during which Kestner, represented by counsel, and a vocational expert testified. The ALJ denied Kestner's claim and the Social Security Administration's Appeals Council denied her Request for Reconsideration. Kestner then filed her Complaint with this court, objecting to the Commissioner's final decision.

The parties have filed cross motions for summary judgment and have briefed and argued the issues. The case is ripe for decision.

II

Kestner was 48 years old when she filed for benefits, a person of younger age under the regulations, but she subsequently became a "person closely approaching advanced age" under the regulations. *See* 20 C.F.R. § 404.1563(2010). Kestner does not have a high school diploma. She previously worked as a dental assistant, a position for which she received only on-the-job training. She has also worked at a grocery store deli and as a personal care aid for the elderly. Kestner has not worked since January 11, 2007, because of various ailments, including chronic pain, neuropathy, acid reflux, chronic fatigue, and heart palpitations.

Kestner was evaluated in 2003 for a possible transient ischemic attack, or ministroke.

In March 2008, a counselor evaluated Kestner for complaints of excessive worrying and anxiety. In April 2008, Kestner began seeing a psychiatrist, Delano Bolter, M.D, for complaints of excessive worry and depressed mood. Dr. Bolter, who continued to meet with Kestner through the relevant period, diagnosed Kestner with major depression, a history of ischemic attack symptoms, and generalized anxiety. Kestner was prescribed Lexapro and Trazadone, which are used to treat depression and anxiety.

In May 2008, Kestner complained to her physician about severe temporal pain and slurred speech. The medical records indicate that this was a possible ministroke.

After reviewing the evidence, the ALJ found that Kestner suffered from several severe impairments: osteoarthritis/degenerative joint disease, non-insulin dependent diabetes mellitus, obesity, headaches, and a history of a ministroke. The ALJ found that Kestner's claims of depression and anxiety were "nonsevere." (R. at 12.) He found that Kestner did not suffer from any impairment or combination of impairments that meets or medically equals one of the agency's listed disabilities under 20 C.F.R. pt. 404, subpt. P, app. 1 (2010). The ALJ concluded that Kestner had the residual functional capacity to perform a significant range of light work subject to some

exertional limitations. The ALJ did not include any nonexertional limitations in Kestner's residual functional capacity.

Kestner argues that the ALJ's decision is not supported by substantial evidence, specifically in regard to the ALJ's analysis of Kestner's mental impairments. For the reasons detailed below, I remand the case.

III

The plaintiff bears the burden of proving that she is under a disability. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). The standard for disability is strict. The plaintiff must show that her "physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C.A. § 423(d)(2)(A).

In assessing DIB claims, the Commissioner applies a five-step sequential evaluation process. The Commissioner considers whether the claimant: (1) has worked during the alleged period of disability; (2) has a severe impairment; (3) has a condition that meets or equals the severity of a listed impairment; (4) could return to her past relevant work; and (5) if not, whether she could perform other work

present in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2010). If it is determined at any point in the five-step analysis that the claimant is not disabled, the inquiry immediately ceases. *Id.*; *McLain v. Schweiker*, 715 F.2d 866, 868–69 (4th Cir. 1983). The fourth and fifth steps of the inquiry require an assessment of the claimant's residual functional capacity, which is then compared with the physical and mental demands of the claimant's past relevant work and of other work present in the national economy. *Id.*, at 869.

This court's review is limited to a determination of whether there is substantial evidence to support the Commissioner's final decision and whether the correct legal standard was applied. 42 U.S.C.A. § 405(g); *see Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). In accordance with the Act, I must uphold the Commissioner's findings if substantial evidence supports them and the findings were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation marks and citation omitted). This standard "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is the role of the ALJ to resolve evidentiary conflicts, including inconsistencies in the evidence.

It is not the role of this court to substitute its judgment for that of the Commissioner. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

On appeal, Kestner argues that the ALJ did not properly consider her nonexertional limitations related to her inability to concentrate, anxiety, depression, and lack of memory. Relatedly, Kestner argues that the ALJ failed to give proper consideration to the findings of Dr. Bolter, who assessed her nonexertional limitations. Kestner also asserts that the case should be remanded so that new evidence relating to her nonexertional limitations can be considered.

Kestner has presented evidence of nonexertional impairments related to depression, anxiety, inability to concentrate, and memory loss. She takes anti-depressants and has been diagnosed with major depression, a history of ischemic attack symptoms, and generalized anxiety. She provided the ALJ with a functional assessment from Dr. Bolter, outlining significant nonexertional limitations. Furthermore, during the hearing, Kestner became confused about which of her medications was an anti-depressant and which was for cholesterol. (R. at 41.)

To reach his conclusion about Kestner's nonexertional impairments, the ALJ relied on evidence that is insufficient to support his decision. The ALJ relied on the fact that several doctors had found Kestner "oriented times three" or "oriented times four." (R. at 12.) However, that Kestner was able to answer very basic questions

does not undermine Kestner's allegations. That Kestner's affect was "calm" or "appropriate" during some of her doctor's appointments is not substantial evidence that she does not have nonexertional impairments. (R. at 12.) Notably, on March 18, 2008, in a meeting with a counselor, Kestner was in mild distress and her mood appeared frustrated.

The ALJ also relied on the fact that Kestner was able to take her dog outside, go to medical appointments, go to the grocery store, drive without restrictions, play solitaire on her computer, attend church, and occasionally eat out. These activities of daily living are insufficient to undermine Kestner's claims because they do not implicate her ability to handle the nonexertional requirements of employment, such as handling stress, significantly interacting with others, concentrating, and following instructions. The ALJ indicates that the fact that Kestner sometimes plays solitaire shows that she does not have difficulty concentrating. That conclusion is unconvincing because there is no evidence about the degree of concentration required or the duration Kestner plays solitaire.

Additionally, the Commission argues in his brief that "[a] state agency medical expert opined that the Plaintiff did not have a medically determinable mental impairment." (Def.'s Br. at 13.) However, that expert reviewed Kestner's file prior to her seeking medical treatment for her anxiety and depression. (R. at 252.)

In concluding that Kestner's nonexertional impairments were nonsevere and did not merit a residual functional limitation, the ALJ rejected the medical opinion of Dr. Bolter. Dr. Bolter completed an assessment of Kestmer's ability to do work-related activities. He concluded that Kestner had serious limitations following work rules, relating to coworkers, interacting with supervisors, using judgment, dealing with the public, and understanding and carrying out detailed or simple job instructions. He also asserted that Kestner had poor to no ability to deal with work stresses, function independently, and maintain attention and concentration.

The ALJ has the exclusive authority to evaluate a medical opinion in the record and, when assessing the weight given to a medical opinion, the ALJ should consider whether the opinion is supported by laboratory findings and the record as a whole. 20 C.F.R. § 404.1527 (2010). A treating physician's medical opinion will be given controlling weight when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 416.927(d)(2) (2010). However, the ALJ has "the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001).

The ALJ afforded no weight to Dr. Bolter's opinion despite the fact that some degree of functional limitation is consistent with the medical record. The ALJ has pointed to no evidence that undermines Dr. Bolter's medical diagnoses. Although there is some merit to the ALJ's finding that some of Dr. Bolter's conclusions about Kestner's limitations were perhaps more severe than is fully supported by the medical record, the evidence relied upon by the ALJ to wholly reject Dr. Bolter's conclusions is insufficient. For example, Kestner's activities of daily living indicate that she has some ability to function independently and little, if any, limitation on her ability to maintain her personal appearance. However, the evidence in the record does not contradict Dr. Bolter's conclusion that Kestner had difficulty understanding and following instructions, dealing with stresses, and maintaining attention and concentration. In fact, much of the evidence supports a finding of limitations in those areas.

Although mental status examinations at Kestner's doctor's appointments appear normal, there is no evidence that the examinations were more than cursory. For example, Kestner testified that although she was seen by a neurologist, he did not examine her and did not check her memory or concentration. (R. at 45.) Moreover, there is no contradictory evidence from another mental health professional. *See* 20 C.F.R. § 416.927(d)(5) ("We generally give more weight to the opinion of a specialist

about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist."). The cited evidence is insufficient to merit complete rejection of Dr. Bolter's opinion.

Kestner presented additioanl evidence to the Appeals Council, inlcuding an assessment from Pamela S. Tessnear, Ph.D., that helps bolster her claim that she suffered from nonexertional impairments. Upon remand, this evidence will be available to the ALJ in further consideration of the case.

IV

For the foregoing reasons, both parties' motions for summary judgment will be denied. The final decision of the Commissioner will be vacated and the case remanded for further proceedings consistent with this Opinion. An appropriate final judgment will be entered.

DATED: December 27, 2010

  /S/ JAMES P. JONES
United States District Judge